UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4458

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL ANTHONY KENNEDY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:05-cr-00815-HMH-1)

Submitted:  October 23, 2006      Decided:  November 13, 2006

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Falkner Wilkes, CRAVEN & WILKES, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Anthony Kennedy pled guilty pursuant to a plea agreement to one count of conspiracy to manufacture and possess with intent to distribute five kilograms or more of cocaine and fifty or more grams of cocaine base ("Count I"), and one count of conspiracy to possess with intent to distribute a quantity of marijuana ("Count II"), in violation of 21 U.S.C. § 846 (2000). Kennedy appeals his conviction and sentence, arguing that the district court's failure to discuss his plea agreement at the Rule 11 hearing requires this court to reverse and set aside his sentence. We affirm.

Kennedy's plea agreement provided that should Kennedy cooperate pursuant to the terms of the plea agreement and if his cooperation was deemed by the Government as providing "substantial assistance in the investigation or prosecution of another person who has committed an offense," the Government agreed to move for a reduction of sentence.

Prior to sentencing, the Government expected Kennedy to testify against his younger sister, who was one of the other individuals in the eighteen-defendant conspiracy in which he was charged and convicted. When Kennedy refused to testify truthfully against his younger sister, the Government informed him that it would not move for a downward departure on his behalf.

The district court ultimately sentenced Kennedy to 324 months in prison as to Count I, and sixty months in prison as to Count II, both terms to run concurrently; five years of supervised release as to Count I and two years of supervised release as to Count II, both terms to run concurrently for a total of five years of supervised release; and ordered payment of a $200 statutory assessment fee.[*]

Kennedy's counsel appealed his conviction and sentence on the ground that the district court failed to comply with Fed. R. Crim. P. 11 in accepting Kennedy's plea.  While it is not disputed by Kennedy that the district court generally complied with the requirements of Rule 11, Kennedy claims that the parties' failure to disclose his plea agreement during the Rule 11 hearing is ground for having his conviction and sentence reversed.

Kennedy did not move in the district court to withdraw his guilty plea, and his challenge to the adequacy of the Rule 11 hearing is, therefore, reviewed for plain error.  See United States v. Martinez, 277 F.3d 517, 526 (4th Cir. 2002).  We have carefully reviewed the transcript of the Rule 11 hearing and find that the district court generally complied with Rule 11 in its acceptance of Kennedy's guilty plea.

---

[*]The probation officer calculated a sentencing guideline range for Kennedy of 324 to 405 months' imprisonment founded on a total offense level of 41 and a criminal history category of I.

We do find, and the Government concedes, that the parties failed to disclose Kennedy's plea agreement during the Rule 11 hearing, that this omission was error, and that the error was plain. United States v. Olano, 507 U.S. 725, 731-32 (1993). We conclude, however, that the error did not affect Kennedy's substantial rights. First, Kennedy does not allege that but for the Rule 11 error, he would not have pled guilty. Rather, Kennedy's counsel merely states that Kennedy "apparently relied on the agreement and potential for a downward departure as inducement for the plea." This assertion does not meet the standard set forth in Martinez. See 277 F.3d at 532-33 (holding that, to prove that an error affected his substantial rights, the defendant must show that he would not have pled guilty but for that error).

Moreover, the plea agreement specifically provided that Kennedy was required to cooperate with the Government in its prosecution of other persons and that the Government would only agree to move for a downward departure if, in its sole discretion, it determined Kennedy's assistance was "substantial." Even if the Government did agree to move for a downward departure, however, the matter of Kennedy's sentencing remained within the sole discretion of the district court. Accordingly, even assuming the Government had moved for a downward departure on Kennedy's behalf, whether the district court would have granted the motion is speculative, at best.

Because Kennedy has not made the required showing under Olano, 507 U.S. at 734, we affirm Kennedy's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED